

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 6 2008

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

| | |
|---|---|
| SHADI DAMADNEJAD, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NO. 1:08-CV-1232-CAM |
| CREDITORS FINANCIAL GROUP, LLC, a New York company, | : |
| Defendant. | : |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act. 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

- 1 -

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

4. Defendant CREDITORS FINANCIAL GROUP, LLC is a corporation organized under the laws of the state of New York with its principle place of business in Colorado. [Hereinafter, said Defendant is referred to as "CFG."]

5. CFG is subject to the jurisdiction and venue of this Court.

6. CFG may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

7. Alternatively, CFG may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia, Colorado and New York.

## FACTS COMMON TO ALL CAUSES

8. CFG uses the mails in its business.

9. CFG uses telephone communications in its business.

10. The principle purpose of CFG' business is the collection of debts.

11. CFG regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, to another.

12. CFG is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, CFG communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14. In or around February 2008, a collector for CFG left a series of recorded voice messages for Plaintiff requesting a return call.

15. In the February 2008 voice messages, the collector did not state the company he was working for.

16. In the February 2008 voice messages, the collector did not state that the communications were from a debt collector.

17. In the February 2008 voice messages, the collector did not state that the communications were an attempt to collect a debt.

18. In one or more of the February 2008 voice messages, the collector attempted to convey false urgency about the content of the message.

19. In one or more of the February 2008 voice messages the collector conveyed information about the debt.

20. Defendant's communications violated the Fair Debt Collection Practices Act.

21. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

22. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

23. Defendant's violations of the FDCPA include, but are not limited to, the following:

24.     The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

25.     The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e; and

19. In one or more of the February 2008 voice messages the collector conveyed information about the debt.

20. Defendant's communications violated the Fair Debt Collection Practices Act.

21. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

22. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

23. Defendant's violations of the FDCPA include, but are not limited to, the following:

24. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

25. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e; and

26. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

27. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory and actual damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICE OF KRIS SKAAR, P.C.

by: _____
Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 • Marietta, GA 30061-1478
331 Washington Avenue • Marietta, GA 30060
voice (770) 427 - 5600 • fax (770) 427 - 9414
krisskaar@aol.com